UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALIZA D. LEVI, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) C.A. No.: 15-cv-06278 |
| v. | ) ) ) |
| RTR FINANCIAL SERVICES, INC. | ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

Plaintiff Aliza D. Levi ("Plaintiff") alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to Plaintiff herself, which are alleged upon knowledge, as follows:

1.  Plaintiff seeks redress for RTR Financial Services, Inc.'s ("RTR" or "Defendant") collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"). Specifically, RTR's computer-generated collection letters (a) contain representations that are false, deceptive, or misleading; (b) are an unfair and/or unconscionable means to collect or attempt to collect debts; and (c) fail to make required disclosures to consumers who receive the letters of their statutory rights.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  This Court has jurisdiction over Defendant because Defendant resides in this District and has sufficient minimum contacts with this District so as to render the exercise of

jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

4. This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and the wrongful collection practices complained of occurred in this District.

**PARTIES**

6. Plaintiff Aliza D. Levi is an individual who resides in Brooklyn, New York. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692(a)(3) because Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes.

7. Defendant RTR is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692(a)(6). Defendant is regularly engaged, for profit, in the collection of debts allegedly owed to others for personal, family, or household purposes. Defendant's principal place of business is located at 2 Teleport Drive, Staten Island, New York 10311.

**FURTHER SUBSTANTIVE ALLEGATIONS**

**Background**

8. On May 28, 2015, Plaintiff received a traffic citation in Nassau County, ticket number BE603713-5 (the "Citation"). Plaintiff pled not guilty to the infraction alleged in the Citation.

9. On September 16, 2015, the Citation was dismissed.

10. Plaintiff then received a letter dated October 5, 2015 from RTR, attached as Exhibit A, attempting to collect $237.00 allegedly due based on the Citation (the "October 5 Letter").

11. The October 5 Letter stated, in pertinent part:

Dear ALIZA D LEVI:

> Please be advised that the Nassau County Traffic and Parking Violations Agency has placed the above-referenced fine with this office.
>
> We ask that you forward payment in the amount set forth above. Please detach and return the lower portion of this letter with your payment. Should you wish to pay by credit card you must contact our office. Note that a processing fee will be added to the amount of your payment.
>
> Please direct all future telephone calls and letters to our office, at the telephone number and address set forth above.
>
> If you do not contact our office within 15 days of the date of this letter, this fine will be reported to the credit bureaus. In addition, failure to pay may result in the suspension of your driver's license, motor vehicle registration, and/or a judgment being entered against you.

12. The October 5 Letter is a form letter used by Defendant, generated by a computer, with the information specific to Plaintiff inserted by computer.

13. Following its mailing of the October 5 Letter, Defendant failed to send to Plaintiff any further information generally relating to the debt allegedly owed, and specifically her right to seek verification of the debt.

14. The alleged debt that is the subject matter of the October 5 Letter is a consumer debt.

15. RTR's actions violated the FDCPA several times over, as specifically described in COUNT I below.

**The FDCPA**

16. The FDCPA generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

17. The FDCPA specifically prohibits "the false representation of the character, amount, or legal status" of an alleged debt. 15 U.S.C. § 1692e(2).

3

18. The FDCPA specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

19. The FDCPA specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

20. The FDCPA requires a debt collector "to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose[.]"15 U.S.C. § 1692e(11).

21. The FDCPA prohibits the use of any "unfair or unconscionable means to collect or attempt to collect any debt" including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

22. The FDCPA also requires that a debt collector, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, . . . send the consumer a written notice containing-- . . . (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; [and] (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]" 15 U.S.C. § 1692g(a).

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all natural persons who were sent a collection letter by RTR on or

after November 2, 2014 that stated (a) that a processing fee would be added to the amount of any payment for a debt; (b) that failure to pay could result in the suspension of a driver license or motor vehicle registration; (c) failed to identify itself as a debt collector and to notify the consumer that any information obtained will be used for the purpose of collecting a debt; (d) failed to notify the consumer that the consumer had 30 days to dispute the debt, otherwise RTR would assume the debt to be valid; or (e) failed to notify the consumer that if the consumer notified RTR within 30 days that the alleged debt or any part thereof was disputed, RTR would obtain verification of the debt (the "Class").

24. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50, if not thousands, of members of the Class.

(a) There are questions of law and fact common to members of the Class that predominate over any questions affecting only individual class members. Specifically, the question of whether the October 5 Letter violates the FDCPA predominates over all others.

25. Plaintiff's claims are typical of those of the Class because all are based on the same factual basis and legal theories.

26. Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action consumer litigation. Plaintiff has no interests which conflict with those of the Class.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**CLAIMS FOR RELIEF**
**COUNT I**
**Violation of the FDCPA**

28. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

5

29. RTR's statement in the October 5 Letter that a processing fee will be added to payments made by credit card violates the FDCPA. 15 U.S.C. § 1692f(1). The processing fee is incidental to the alleged debt and is not authorized by contract or law. Further, such statement is a false representation that RTR is entitled to receive compensation in violation of the FDCPA. 15 U.S.C. § 1692e(2).

30. RTR's statement in the October 5 Letter that failure to pay the alleged debt could result in suspension of Plaintiff's license or motor vehicle registration violates the FDCPA. 15 U.S.C. § 1692e(5) and (10). There was no debt owed to begin with.[1] In addition, had Plaintiff owed a debt, RTR did not have any authority or power to suspend anyone's license or motor vehicle registration regardless of whether the payment was made to RTR.[2]

31. In the October 5 Letter, RTR failed to identify itself as a debt collector and to notify the consumer that any information obtained will be used for the purpose of collecting a debt. Such failure by Defendant violated the FDCPA. 15 U.S.C. § 1692e(11).

32. In the October 5 Letter and within five days of its sending, RTR failed to notify the consumer that the consumer had 30 days to dispute the debt, otherwise RTR would assume the debt to be valid. Such failure by Defendant violated the FDCPA. 15 U.S.C. § 1692g(3).

33. In the October 5 Letter and within five days of its sending, RTR failed to notify the consumer that if the consumer notified RTR within 30 days that the alleged debt or any part thereof

---

[1] New York Vehicle and Traffic Law § 227(4)(b) provides that "[n]o . . . civil action shall be commenced nor shall [any] final order [to collect an unpaid traffic fine] be filed until at least thirty days after the department has posted by ordinary mail to the person at the address of such person on file with the department or at the current address provided by the United States postal service notice of the amount of such fine or fines and that such fine or fines are due and owing." Moreover, any determination of a traffic hearing officer is subject to appeal if filed within thirty days after notice of the determination is served. *Id.* § 228(4).

[2] *See id.* §510(1) ("Who may suspend or revoke. Any magistrate, justice or judge, in a city, in a town, or in a village, any supreme court justice, any county judge, any judge of a district court, the superintendent of state police and the commissioner of motor vehicles or any person deputized by him, shall have power to revoke or suspend the license to drive a motor vehicle or motorcycle . . . .")

was disputed, RTR would obtain verification of the debt. Such failure by Defendant violated the FDCPA. 15 U.S.C. § 1692g(4).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

(A)     Declaring this action to be a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and certifying Plaintiff as representative of the Class and her counsel as Class counsel;

(B)     Awarding Plaintiff and the members of the Class damages, including interest;

(C)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including any attorneys' fees; and

(D)     Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 2, 2015
/s/ Shane T. Rowley
**LEVI & KORSINSKY, LLP**
Eduard Korsinsky
Shane T. Rowley
Michael B. Ershowsky (to be admitted)
LEVI & KORSINSKY, LLP
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

*Counsel for Plaintiff and Proposed Lead Counsel for the Class*